■ TOWN OF NORTH HEMPSTEAD, Respondent, v EMIL CAPITA et al., Appellants, et al., Defendant.—In an action, *inter alia,* to enjoin defendants from further altering certain premises and from using the premises except as permitted in a residential A zone, defendants Purdy Boat Company and Capita appeal from (1) a judgment of the Supreme Court, Nassau County, dated February 10, 1976, which, after a nonjury trial, *inter alia,* directed them to cease all nonconforming uses of their property and (2) an order of the same court, dated March 2, 1976, which denied the motion of defendant Sound Spars, Inc., to open the trial for the taking of additional testimony. Order affirmed, without costs or disbursements. Judgment modified, on the law, by deleting therefrom the provision which directs appellants to cease the operation of a prior legal nonconforming use, i.e., a boatyard, on the subject premises. As so modified, judgment affirmed, without costs or disbursements. Commencing in 1919, the defendant Purdy Boat Company, Inc., of which defendant Capita was the principal stockholder, operated a full service boatyard on Manhasset Bay in the Town of North Hempstead. The boatyard was operated on Lot No. 185, which was owned by Purdy, and on Lot No. 61, which was rented by Purdy from the town pursuant to a lease which commenced in 1949 and terminated on January 11, 1975. In 1953 the plaintiff enacted a zoning ordinance which placed the premises upon which the boatyard was located in a residential district. Even though the boatyard was not a permitted use in this residential district, its continued operation was sanctioned under the ordinance as a prior nonconforming use (see North Hempstead Code, § 70-208 [H]). The zoning ordinance also provided that if the nonconforming use was discontinued or abandoned for a period of one year or more, the property would lose its exemption from zoning restrictions (North Hempstead Code, § 70-208 [L]). In June, 1974 the appellants leased Lot No. 185 and sublet Lot No. 61 to defendant Sound Spars,

Inc., a company which the Special Term found was a manufacturer of aluminum masts and other metal boat parts. The plaintiff town served the defendants with a complaint in October, 1974. Since defendant Sound Spars, Inc., did not enter into possession until June, 1974, the complaint, which was served only six months later, could not and did not allege that the prior legal nonconforming use had been abandoned. Instead, the complaint alleged that: (1) Sound Spars had made extensive renovations on the premises, including electrical improvements, without first having obtained the required permits from the Town of North Hempstead; (2) Sound Spar's manufacture of aluminum masts was not a permitted use in a residential zone; (3) Purdy's attempt to sublet Lot No. 61 was improper and invalid without the consent of the town; and (4) defendants had created a public nuisance in the course of the illegal renovations. In sum, the thrust of the complaint was directed at the illegal use of the premises by Sound Spars and not at any abandonment by Purdy and Capita of their prior legal nonconforming use for more than cne year. Moreover, the complaint was never amended by the town. The Special Term itself recognized this point. During the trial of the action, the defendants' counsel moved to dismiss the action, citing section 70-208 (L) of the code and arguing that "The complaint was issued roughly around October 1974, and I believe that the Town has not presented any evidence to indicate that this is such that it has been in existence for more than one year." In denying the motion, the trial court stated: "Even if your motion were to be granted, the Town would have the ability either to amend or to institute a new proceeding, and we would be back here anyway. So it seems to me that while you may well have a point, I am not sure of that, nevertheless the justice of the circumstances compels me to deny the motion and we continue with the case." In its decision, which was rendered early in 1976, following a trial which was conducted in the fall of 1975, the court held that the aluminum spar manufacturing operation was a different use than the prior legal nonconforming use of a boatyard and was, therefore, prohibited under the town's zoning ordinance. The court also held that the prior legal nonconforming use had been abandoned and directed that the operation of all nonconforming uses cease. However, no motion was made, prior to the Special Term's determination, to conform the pleadings to the proof, which indicated that the manufacture of aluminum masts had been continuing for more than a year since 1974. Accordingly, under the posture of the pleadings in the case at bar, the Special Term could only have held that Sound Spars' operation in manufacturing aluminum masts was an illegal use under the zoning ordinance and had to be discontinued. (It should be noted that Sound Spars has quit its occupation of the premises.) The Special Term, under the circumstances at bar, was without jurisdiction to hold that a prior legal nonconforming use of the premises as a boatyard had been abandoned or discontinued. To the extent that the Special Term passed upon this issue, its determination was merely dicta. If, as the town indicates, defendant Purdy has re-entered, or intends to re-enter, the premises and resume its original operation of a boatyard the town should be required to bring a new action to secure a declaration that the prior legal nonconforming use had been abandoned. The judgment appealed from is not *res judicata* on this issue. Titone, Suozzi and Rabin, JJ., concur; Mollen, P. J., concurs as to the affirmance of the order, but otherwise dissents and votes to affirm the judgment on the opinion of Mr. Justice Harnett at Special Term.